UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| EUROFINS VENTURES, B.V., | CIVIL ACTION NO. 08-481 (MLC) |
| Plaintiff, | **O R D E R** |
| v. | |
| OPERON HOLDINGS, INC., et al., | |
| Defendants. | |

**THE COURT** ordering the plaintiff — Eurofins Ventures, B.V. ("EVBV") — to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 ("Order To Show Cause") (dkt. entry no. 19, Order To Show Cause); and the Court assuming that the parties are familiar with — and thus not repeating — the contents of the Order To Show Cause; and EVBV, for the purposes of the Order To Show Cause, demonstrating that the defendant Operon Holdings, Inc., is deemed to be a citizen of both Delaware and Alabama, and the defendants James Hudson and Patrick Weiss are Alabama citizens (dkt. entry no. 20, Goldberg Decl. at 1-3; id., Ex. C, Buda-Moss Decl. at 2); and

**EVBV** apparently conceding in response to the Order To Show Cause that it is an unincorporated association, and thus deemed to be a citizen of each place in which its members are citizens, because it (1) does not argue that its citizenship should be analyzed in the same manner as an American corporation, see 28 U.S.C. § 1332(c)(1), and (2) argues that its "sole shareholder

has been Eurofins Scientific S.E. [("ESSE"), which] is a corporation organized under the laws of France and the European Union, with its principal place of business in France" (Goldberg Decl. at 2; see id., Ex. A, 10-21-08 Extract; id., Ex. B, Riemen Decl. at 2);[1] and

**IT APPEARING** that the citizenship of an entity designated by "S.A." ("S.A. Entity") under the laws of France is analyzed in the same manner as an American corporation, see Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 775 (7th Cir. 2003) (analyzing citizenship of S.A. Entity); but it appearing that an entity designated by "S.E." ("S.E. Entity") may be a limited liability company, see Volker Triebel & Christopher Horton, Will More English PLCs Take Off In Germany?, Int'l Fin. L. Rev., July 2006, at 34 (stating S.E. Entity "is similar to other public limited liability companies"); Ann Neir et al., International Legal Developments in Review: 2004, 39 Int'l Law. 569, 578 (2005) (stating S.E. Entity "is defined as a public limited liability company"); Adam Craig et al., The European

---

[1] EVBV states that "there is only one member of [EVBV] (it is actually called a 'shareholder'), and that is [ESSE]". (Riemen Decl. at 2.) But it is not unusual for members of limited liability companies to be referred to as "shareholders". See, e.g., United States v. Acorn Tech. Fund, 295 F.Supp.2d 494, 498 (E.D. Pa. 2003) (listing member of limited liability company "as the primary shareholder"); Hopkins v. Duckett, No. 02-5589, 2006 WL 3373784, at *1 (D.N.J. Nov. 21, 2006) (listing "members and shareholders" of limited liability company).

<u>Company Is Born</u>, Int'l Tax R., Nov. 2004, at 28 (stating same); and it appearing that the citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship; and the Court being concerned that the citizenship of ESSE must be analyzed further in order to arrive at a proper analysis of EVBV's citizenship; and thus the Court intending to direct EVBV to provide further information as to its citizenship; and the Court advising EVBV that if ESSE is akin to an American limited liability company, then its citizenship must be analyzed in the same fashion as an unincorporated association formed under American law; and the Court intending to (1) provide EVBV one more opportunity to demonstrate that jurisdiction under Section 1332 existed on August 1, 2008, and (2) dismiss the complaint for lack of jurisdiction unless EVBV properly analyzes its own citizenship in the manner directed in the Order To Show Cause; and for good cause appearing;

**IT IS THEREFORE** on this    3rd    day of November, 2008 **ORDERED** that the plaintiff's time to show cause why the complaint should not be dismissed, without prejudice to recommence the action in state court, for lack of jurisdiction under 28 U.S.C. § 1332 is **ENLARGED**; and

**IT IS FURTHER ORDERED** that the plaintiff will file a response electronically by 5 P.M. on November 26, 2008; and

**IT IS FURTHER ORDERED** that **NO FURTHER ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances; and

**IT IS FURTHER ORDERED** that if the plaintiff fails to respond, then the plaintiff will be deemed to be in support of dismissal; and

**IT IS FURTHER ORDERED** that the order to show cause will be decided on **MONDAY, DECEMBER 1, 2008,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

　　　　　　　　　　　　　　　　　　　  s/ Mary L. Cooper        
　　　　　　　　　　　　　　　　　　**MARY L. COOPER**
　　　　　　　　　　　　　　　　　　United States District Judge